UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

        Plaintiff,

v.

K. DATEMA, *et al.*,

        Defendants.
_____/

Case No. 5:04-CV-115

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff Fred Reeves' Objections to United States Magistrate Ellen S. Carmody's Report and Recommendation of July 25, 2005 ("Report"), which recommended a grant of Defendants Datema, Huizing, Mygrants, Luther, Shreve, Ely and Wolven's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or Alternative Rule 56(b) Motion for Summary Judgment. The Report also recommended Defendant Wolven be accorded absolute judicial immunity. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Defendant Wolven's claim to absolute judicial immunity is premised on the notion that as a Michigan Department of Corrections ("MDOC") Hearing Officer he is entitled to absolute judicial immunity. "As early as 1872, the [United States Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). The proper inquiry for the Court is to determine "whether at the time [Defendant Wolven] took the challenged action he had jurisdiction

over the subject matter before him." *Id.* at 356 (citing *Bradley*, 80 U.S. at 352). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley*, 80 U.S. at 351). Because they serve in a neutral adjudicatory capacity, it is well established that MDOC hearing officers are afforded absolute judicial immunity. *Shelley v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1998) (citing *Butz v. Economou*, 438 U.S. 478, 508-14 (1978)).

Plaintiff objects to the Report and claims that Defendant Wolven is not entitled to absolute judicial immunity. Plaintiff maintains that Defendant Wolven's action was taken in a complete absence of all jurisdiction, relying principally on *Stump v. Sparkman*, *supra*, and *Mireles v. Waco*, 502 U.S. 9 (1991). Plaintiff alleges that Defendant Wolven acted in a clear absence of jurisdiction when he failed to "check for [him]self" as to Plaintiff's desire to attend his misconduct hearings. Plaintiff further alleges that Defendant Wolven was biased and retaliated against him because of a previous lawsuit Plaintiff filed against Defendant Wolven. *Reeves v. Smith, et al.*, 4:03-CV-50 [Bell, C.J.].

The Court has reviewed the record and concurs with the Report that Defendant Wolven is entitled to absolute judicial immunity. As to Plaintiff's Objection that Defendant Wolven acted in the absence of jurisdiction, the Supreme Court has made clear "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (citing *Stump*, 435 U.S. at 362). Plaintiff has not challenged that

his hearing was properly before Defendant Wolven, but essentially argues Defendant Wolven was without jurisdiction because he disagrees with Defendant Wolven's exercise of discretion. Simply because Plaintiff disagrees with Defendant Wolven's decisions is not enough to deprive Defendant Wolven of absolute judicial immunity. *Stump*, 435 U.S. at 356 (citing *Bradley*, 80 U.S. at 352) (A judge will not be deprived of immunity because the action he took was in error . . . ."). Even accepting Plaintiff's allegations as true, Defendant Wolven's decision to not summon Plaintiff before him during Plaintiff's misconduct hearing was clearly a judicial act within his authority as a hearing officer. *See* Mich. Comp. Laws § 791.252(c) ("If a party fails to appear at a hearing after proper service of notice, the hearings officer, if an adjournment is not granted, *may proceed with the hearing and make a decision in the absence of the party*.") (emphasis supplied). This decision was surely within Defendant Wolven's discretion as a hearing officer.

Furthermore, even if Defendant Wolven was biased and retaliated against Plaintiff, a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive."[1] *Forrester v. White*, 484 U.S. 219, 227 (1988) (citing *Bradley*, 80 U.S. at 354). For the reasons stated in the Report and in this Opinion, the Court concludes that Defendant Wolven is absolutely immune from suit for monetary damages and that Plaintiff's claim against Defendant Wolven will be dismissed.

Turning to Plaintiff's remaining retaliation claims, Defendants Datema, Huizing, Mygrants, Luther, Shreve, and Ely's (hereinafter "Defendants") Motion for Summary Judgment is brought

---

[1] Plaintiff's citation to *Malek v. Camp*, 822 F.2d 812 (8th Cir. 1987) and *Edwards v. White*, 501 F. Supp. 8 (M.D. Pa. 1979) is similarly unavailing because Plaintiff's claims against Defendant Wolven in *Reeves v. Smith, et al.*, were dismissed by Chief Judge Bell on August 6, 2003, (4:03-CV-50 (Dkt. No. 50)), long before Plaintiff appeared before Defendant Wolven.

pursuant to Federal Rule of Civil Procedure 56.[2] Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movants specify a basis for summary judgment, the respondent has the burden of coming forward with specific evidence meeting the standards of Federal Rule of Civil Procedure 56(e) upon which a reasonable jury could find there to be a genuine factual issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Failure to do so results in the grant of summary judgment for the movants. *Celotex Corp.*, 477 U.S. at 323.

Plaintiff devotes a total of five sentences in his Objection to the Report's recommended grant of summary judgment in favor of Defendants on his retaliation claim.[3] Plaintiff's retaliation claim is based upon an alleged denial of access to his misconduct hearing in retaliation for filing lawsuits against various MDOC staff. In other words, Plaintiff claims to have been "punished for exercising his constitutionally protected right to access the courts, [which is] partially grounded in the First Amendment's protection of the right to 'petition the Government for a redress of grievances.'" *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (quoting U.S. Const. amend. I).

To prevail on his retaliation claim, Plaintiff must show: (1) he was engaged in constitutionally protected conduct; (2) he suffered adverse action that would deter a person of

---

[2] Because the Court will grant Defendants' Motion for Summary Judgment, it will not consider their alternate ground for dismissal under Federal Rule of Civil Procedure 12(b)(6).

[3] The Court notes that Plaintiff responded to Defendants' Motion by submitting an "Affidavit in Opposition." The submission was neither an affidavit nor a sworn statement and cannot be considered as evidence in opposition to Defendants' Motion. *See* Fed. R. Civ. P. 56(c) & (e); 28 U.S.C. § 1746.

ordinary firmness from continuing to engage in such protected conduct; and (3) there exists a causal connection between the protected conduct and the adverse action. *Thaddeus-X*, 175 F.3d at 394.

Assuming that Plaintiff was engaged in constitutionally protected behavior and he suffered an adverse action that would deter such future protected behavior, a review of the record indicates that Plaintiff has failed to satisfy that there is any causal connection between the two.

Defendants' have submitted documentary evidence and affidavits evidencing that when Plaintiff was asked if he would like to attend his misconduct hearing, he either responded negatively or remained silent. In response to Defendants' submission, Plaintiff has simply directed the Court's attention to his prior lawsuit, in which Defendants Datema, Huizing, Ely, and Wolven were all named as defendants. Plaintiff is required to put forward specific, nonconclusory allegations and identify "affirmative evidence that could support a jury verdict at trial." *Id.* at 399-400; Fed. R. Civ. P. 56(e). Conjecture, speculation, and naked inferences do not provide Plaintiff with sufficient evidence to withstand Defendants' Motion for Summary Judgment. Plaintiff has not put forth any evidence in support of his claim, and thus, cannot establish the required causal connection for retaliation. For the reasons stated in the Report and this Opinion, summary judgment must issue for Defendants.

Furthermore, for these reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

A Judgment shall issue in accordance with this Opinion.

                                                            /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:               RICHARD ALAN ENSLEN
     September 14, 2005                 SENIOR UNITED STATES DISTRICT JUDGE